**ROBERT HALL CLOTHES, INC.,**
Plaintiff,

v.

**COMMISSIONER OF PATENTS,**
Defendant.

Civ. A. No. 2616–63.

United States District Court
District of Columbia.

April 19, 1965.

Samuel Lebowitz, Washington, D. C., A. D. Caesar, Caesar, Rivise, Bernstein & Cohen, Philadelphia, Pa., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This is a civil action in which the plaintiff seeks relief against the defendant, Commissioner of Patents, under the Trademark Act, 15 U.S.C. § 1071(b), and also under the Administrative Procedure Act, 5 U.S.C. § 1009. Both requests for relief arise from a refusal by the Patent

Office to grant plaintiff a trademark registration on the mark "SORENTO" for men's, boys', women's, misses' and children's slacks, suits, topcoats and overcoats. Plaintiff's application was filed June 27, 1961, and given Serial No. 122,-930.

On March 9, 1962, the defendant refused to register plaintiff's mark in view of three prior existing registrations:

    (a) No. 668,721,   Trade-Mark SORRENTOS
                            for Women's Shoes

    (b) No. 699,463,   Trade-Mark SORENCO
                            for Men's and Women's Hosiery, Sweaters, Nightgowns and Pajamas, Sport Shirts, and Blouses.

    (c) No. 650,951,   Trade-Mark SORRENTO
                            for Men's and Boys' Suits, Slacks and Sport Coats.

---

On July 6, 1962, plaintiff filed an amendment with the Patent Office presenting arguments in favor of registering the application notwithstanding the three prior registrations. In addition, the plaintiff requested that an interference be declared between his mark and Registrations No. 650,951 and No. 699,463.

On August 27, 1962, Registration No. 650,951 passed its Fifth Anniversary.

On September 4, 1962, defendant mailed a notice of publication to the plaintiff stating that plaintiff's application was being passed to publication subject to a declaration of interference with Registrations No. 650,951 and No. 668,721. Also on September 4, 1962, affidavits pursuant to Sections 8 and 15 of the Trademark Act (15 U.S.C. § 1065) arrived in the Patent Office.

On September 18, 1962, the defendant mailed out a notice of acceptance of the affidavits.

On November 2, 1962, the defendant informed the plaintiff that jurisdiction of his application had been restored to the Examiner of Trademarks for the purpose of again refusing registration under Section 2(d) of the Trademark Act in view of Registrations No. 650,951 and No. 668,721. The defendant stated that Registration No. 650,951 had become "incontestable".

█ Under Section 15 of the Trademark Act, a registration becomes "incontestable" if the mark is still in use and has been in continuous use for five consecutive years subsequent to its date of registration, provided (a) no proceeding involving rights to the mark is pending in the Patent Office or in a Court and not finally disposed of, and (b) an affidavit is filed with the Commissioner within one year after the expiration of the five year period setting forth, among other things, that the mark is still in use.

Section 16 of the Trademark Act (15 U.S.C. § 1066), which deals with interferences, provides that "No interference shall be declared between an application and the registration of a mark the right to the use of which has become incontestable".

The Commissioner of Patents refused to declare an interference between the plaintiff's mark and Registration No. 650,951 on the ground that the registration had become incontestable. The Commissioner noted that the registration celebrated its Fifth Anniversary on August 27, 1962, and that the required affidavit had been received on September 4, 1962.

The plaintiff, in response to this, asserted that the mark had *not* become incontestable because a "proceeding" indeed was pending in the Patent Office at the time when the affidavit was received. To support this, the plaintiff pointed to the action of the defendant in mailing out the notice stating that

plaintiff's application was being passed to publication subject to a declaration of interference. The plaintiff urges that this action be interpreted as the commencement of a "proceeding" in the sense in which that word is used in Section 15 of the Act.

The defendant, on the other hand, contended that a "proceeding" is not pending in the Patent Office until it has been instituted by forwarding notice thereof to the parties involved, or at least a "proceeding" is not commenced until the Commissioner officially declares that an interference exists.

Thus, Section 16 prohibits the Commissioner from declaring an interference if the prior registration is incontestable; Section 15 makes the mark incontestable unless a proceeding is pending; and, under the Commissioner's interpretation, a proceeding is not pending until an interference has been declared. The Court does not believe this makes a great deal of sense. Its effect is to enable the Commissioner to control the entire matter simply by choosing when to declare or refuse to declare the interference. If he declares it before the affidavit arrives, then the affidavit is defeated by the existence of a proceeding. If he waits until after the affidavit has arrived, then the affidavit divests him of the power to declare it at all.

It has been the Commissioner's practice to withhold the declaration until after expiration of the 30-day period during which a new registration is published in the Official Gazette. So long as this policy is consistently followed, the Court does not feel that unfair or capricious results are likely to occur. All parties will at least be treated the same, even though subjected to doubtful reasoning.

The Court, therefore, will interpret the word "proceeding" in Section 15, as applied to these facts, to require that an interference be officially "declared" by the Commissioner before such a "proceeding" can be said to exist.

Under this interpretation, with no "proceeding" having been found, the affidavit had the effect of making Registration No. 650,951 incontestable. Therefore, following the argument to its bitter end, the Commissioner was without power under Section 16 of the Act to declare an interference in this case.

The plaintiff's request for relief under the Administrative Procedure Act is in the nature of mandamus, by which the plaintiff would have the Court compel the Commissioner of Patents to declare an interference under these facts. This prayer will be denied for the reasons stated immediately above.

The relief sought under 15 U.S.C. § 1071(b) is for a decree authorizing that plaintiff's mark itself be registered. The language of 15 U.S.C. § 1052(d), however, expressly precludes registration of a mark "which so resembles a mark registered in the Patent Office * * *, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive". Since existing Registration No. 650,951 is itself substantially identical to plaintiff's and is used on substantially identical goods, the Court has no authority to grant the relief requested.

The Court will find for the defendant, against the plaintiff, and will dismiss the Complaint.